## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| RICHARD MELTON and <br> DESIREE HALL, <br> <br>     Plaintiffs, <br> <br> v. <br> <br> ACCOUNT RESOLUTION TEAM, <br> INC., formerly, TCCA, Inc., <br> <br>     Defendant. | No. 3:14-CV-469-PLR-CCS <br><br> Jury Trial Demanded |

## FIRST AMENDED CLASS ACTION COMPLAINT

### INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (FDCPA), in its illegal efforts to collect consumer debts.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and omissions occurred here and Plaintiffs reside here.

### PARTIES

4. Plaintiff Richard Melton (Melton) is a natural person who resides in Jefferson County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Desiree Hall (Hall) is a natural person who resides in Cocke County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    The Class consists of all persons against whom Defendant filed an action in Hamblen County, Tennessee to collect a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.    Defendant Account Resolution Team, Inc., formerly TCCA, Inc. (ART) is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

8.    ART subjected Plaintiffs to illegal debt collection efforts on debts allegedly owing to Emergency Coverage Corporation (ECC) by filing collection lawsuits against them in Hamblen County, Tennessee when Plaintiffs did not reside in that county when the collection lawsuits were filed and no written contracts between ECC and Plaintiffs exist.

9.    ART has alleged that Plaintiffs incurred obligations to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and each obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, medical debts alleged to be originally owed to ECC.

10.    ART is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

11.    After default, ECC assigned the debts allegedly owed to ART for collection from Plaintiffs.

### *Collection Lawsuits Filed in Improper Venue*

12.    ART filed a civil summons and two affidavits of sworn accounts (sworn affidavits) against Melton in Hamblen County on September 19, 2014, and filed a civil summons and affidavit of sworn account (sworn affidavit) against Hall in Hamblen County on October 2, 2014

(collectively "collection lawsuits"). **Copies filed as exhibits 1 and 2, respectively, to this First Amended Complaint.**

13. The civil summons and sworn affidavits were served in connection with collection of the debts and in an attempt to collect the debts, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

14. At the commencement of the collection lawsuit filed against Melton on September 19, 2014, he resided in Jefferson County, Tennessee. **See address listed for Melton, Exh. 1, p. 1.**

15. At the commencement of the collection lawsuit filed against Hall on October 2, 2014, she resided in Cocke County, Tennessee. **See address listed for Hall, Exh. 2, p. 1.**

16. There was no written contract between ECC and Melton or ECC and Hall for the debts that ART attempted to collect by filing the collection lawsuits, therefore, the only county in which the collection lawsuit could be filed against Melton in compliance with the FDCPA would have been Jefferson County, Tennessee, and the only county in which the collection lawsuit could be filed against Hall in compliance with the FDCPA would have been Cocke County, Tennessee.

17. The filing of the Melton and Hall collection lawsuits in Hamblen County, Tennessee are violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692i(a)(2).

## CLASS ALLEGATIONS

18. Plaintiffs bring this action individually and on behalf of all persons similarly situated.

19. The proposed class consists of:

    (a)  All consumers sued by ART;

    (b)  In the General Sessions Court of Hamblen County, Tennessee;

    (c)  In the one year preceding the filing of this action;

(d)    When the consumers did not reside in Hamblen County at the time the lawsuits were commenced and no written contracts between ECC and the consumers exist.

20.    Excluded from the class are any persons employed by or associate with ART or ECC or this Court.

21.    The class, as defined above, is identifiable.  Plaintiffs are members of the class.

22.    ART has filed a sufficient number of actions against members of the Class to make joinder in a single proceeding impractical. The numerosity requirement of Rule 23 (a)(1) is satisfied by the size of the Class.

23.    ART has a policy or practice of filing actions against consumers in locations that are contrary to the venue provision of the FDCPA.  ART followed that policy and practice when it filed lawsuits against Plaintiffs and the members of the Class.  The legality of ART's policy and procedure under the FDCPA presents a common question to be decided in this action that satisfies the commonality requirement under Rule 23 (a)(2).

24.    Since the actions filed by ART against Plaintiffs are alleged to violate the FDCPA their claims are typical as required by Rule 23 (a)(3).  Plaintiffs' and the class claims are based on and arise out of similar facts constituting the wrongful conduct of ART.

25.    Plaintiffs have no interests antagonistic to the Class and therefore are adequate to serve as representatives of the Class as required by Rule 23 (a)(4).

26.    Plaintiffs' counsel has sufficient experience and knowledge to represent Plaintiffs and the Class for the claims asserted in this action. Plaintiffs' counsel is adequate to represent the Plaintiffs and the Class as required by Rule 23 (a)(4) and (g) based on their experience in consumer and class cases.

27. The requirements of Rule 23 (b)(3) are also satisfied. The legality of ART's actions under the FDCPA is the predominate issue to be decided in this action establishing the predominance required by Rule 23 (b)(3). Determination of that issue in a single class proceeding is superior to individual actions under the criteria set forth in Rule 23 (b)(3)(A)-(D).

*Summary*

28. The above-detailed conduct of ART in connection with collection of the debts and in an attempt to collect the debts is conduct of multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

29. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. **US Const. Amend. 7. Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

## COUNT I-IV.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692i(a)(2)

30. Plaintiffs incorporate by reference all the above paragraphs as though fully stated herein.

31. The foregoing acts and omissions of ART constitutes multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

32. As a result of ART's violations of the FDCPA, Plaintiffs and the class are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) in the amount

of $500,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from ART.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against ART:

**COUNT I-IV.**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692i(a)(2)**

- for a class to be certified pursuant to Fed. Rule Civ. Pro. Rule 23 with Plaintiffs as class representatives and their counsel as class counsel;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against ART and for Plaintiffs, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) in the amount of $500,000.00 against ART, and for Plaintiffs and the class;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against ART and for Plaintiffs and the class; and

- for such other and further relief as may be just and proper.

11/10/15                                    Respectfully submitted,

                                            **RICHARD MELTON**
                                            **DESIREE HALL**


                                            s/      Alan C. Lee
                                            Alan C. Lee, BPR # 012700
                                            Attorney for Plaintiff
                                            P. O. Box 1357
                                            Talbott, TN 37877-1357
                                            (423) 581-0924
                                            aleeattorney@gmail.com

6

## CERTIFICATE OF SERVICE

I hereby certify that this 10th day of November 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

s/   Alan C. Lee
Alan C. Lee, Attorney for Plaintiff