UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RICHARD MELTON and DESIREE HALL, | ) | | |
| | ) | | |
| *Plaintiffs*, | ) | | |
| | ) | | |
| v. | ) | No. | 3:15-cv-00469 |
| | ) | | REEVES/SHIRLEY |
| ACCOUNT RESOLUTION TEAM, INC., | ) | | |
| f/k/a TCCA, Inc., | ) | | |
| | ) | | |
| *Defendant*. | ) | | |

**MEMORANDUM OPINION AND ORDER**

Account Resolution Team, Inc., is a debt-collection agency. On September 19, 2014, Account Resolution sued Richard Melton in Hamblen County to collect a debt owed to one of its clients. At the time, Melton lived in Jefferson County. On October 2, 2014, Account Resolution sued Desiree Hall in Hamblen County to collect a debt owed to that same client. Hall lived in Cocke County.

On September 18, 2015, Melton filed this lawsuit in state court. He was the only plaintiff. Melton is suing Account Resolution under the Fair Debt Collection Practices Act. He claims that Account Resolution sued to collect his debt in an improper court, violating 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

Account Resolution removed Melton's suit to this Court on October 19, 2015. On November 10, Melton amended his complaint. He added Desiree Hall as a plaintiff and converted this suit into a class action. Melton also revised the statutes underpinning his action. He and Hall are suing Account Resolution under 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692i(a)(2).

1

Before the Court is Account Resolution's motion for judgment on the pleadings. [D. 15]. It seeks to dismiss all claims brought by Hall. For the following reasons, this motion is **GRANTED**.

I

When reviewing a motion for judgment on the pleadings, the court looks at all the pleadings filed in the case. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). Motions for judgment on the pleadings under Rule 12(c) are reviewed under the same standard as motions to dismiss under Rule 12(b)(6). *Id.* The complaint will survive a motion to dismiss only if, looking at the pleadings, the complaint states a facially plausible claim for relief. *Id.*

To determine whether the plaintiff has stated a facially plausible claim, the Court takes a two-step approach. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, it separates the pleadings' factual allegations from its legal conclusions. All factual allegations, and only factual allegations, are taken as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Second, the Court asks whether these facts amount to a plausible claim for relief. *Id.* at 555. The plaintiff does not need to make detailed factual allegations, but he must do more than simply recite the elements of the offense. *Id.* Specifically, the plaintiff must plead facts sufficient to permit a reasonable inference that the defendant is liable for the alleged conduct. *Id.* If this is not done, the claim will be dismissed. *Id.* at 570.

II

Hall alleges that Account Resolution sued her in the wrong court, violating the Fair Debt Collection Practices Act. Plaintiffs suing under the Act must do so within one year of when the defendant violated the Act. 15 U.S.C. § 1692k(d). When a plaintiff alleges that the defendant wrongly sued her, the "violation" is the filing of the lawsuit. *Tyler v. DH Capital Mgmt., Inc.*, 736

2

Case 3:15-cv-00469-PLR-CCS   Document 22   Filed 11/21/16   Page 2 of 5   PageID #: 132

F.3d 455, 463 (6th Cir. 2013). Account Resolution filed its collection lawsuit on October 2, 2014. This means that Hall had to sue Account Resolution by October 2, 2015. But she did not do so until she was added as a plaintiff on November 10, 2015. Hall's suit is therefore barred by the statute of limitations.

Hall contends that the doctrine of relation back saves her suit. But while relation back applies to adding new defendants or claims, it does not apply to adding new plaintiffs. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 317–20 (6th Cir. 2010). Her claim remains time barred.

Nevertheless, Hall levels three counterarguments. First she asserts that her claims relate back to the original complaint because they are similar to Melton's. In making this argument, she relies on *Durand v. Hanover Ins. Co.*, 806 F.3d 367 (6th Cir. 2015). In *Durand*, the court recognized that Federal Rule of Civil Procedure 15(c)(1)(C) permits claims to be added after the statute of limitations has run, as long as the defendant knew that he might face those claims. *Id.* at 375. This happens, the court held, if there is an "identity between the amendment and the original complaint with regard to the general wrong suffered and with regard to the general conduct causing such wrong." *Id.* Melton asserts that he was subjected to wrongful litigation because Account Resolution sued in the wrong venue. Hall asserts that she was subjected to wrongful litigation because Account Resolution sued in the wrong venue. Thus, she argues, the *Durand* standard has been met.

This reading of *Durand* ignores its context. Rule 15(c)(1)(C) permits one to amend only "the party or the naming of the party against whom a claim is asserted." Hall is not the party against whom a claim is asserted, but rather the party doing the asserting. And in *Durand*, the parties whose claims were disputed were members of a class defined in the original complaint. *Id.* at 369–70, 372. There was no concern with adding plaintiffs. *Durand* therefore does not apply to this case.

3

Hall next argues that, because she is a member of the plaintiffs' class in this case, her claim relates back to the filing of the original complaint. But Melton's original complaint did not contain class allegations. Rather, Melton brought only individual claims as the sole plaintiff. Hall's claims, therefore, do not relate back to the original complaint.

Hall's argument here relies on three cases. Two of them began as class actions. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 347 (1983); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 541 (1974). They are therefore different from this case. And the one she relies on most actually found that an amended complaint adding class claims did *not* relate back to the original, individual-claim-only complaint. *See McClelland v. Deluxe Fin. Servs., Inc.*¸ 431 F. App'x 718, 730 (10th Cir. 2011). This cuts strongly against her argument.

In fact, *McClelland* wholly undercuts the theory of Hall's counterargument. She and Melton allege the same type of harm caused by the same type of wrong. Thus, Hall concludes, Account Resolution was on notice of her claims. But *McClelland* rejected this very reasoning. It concluded that the second, class-action complaint did not relate back to the original, individual-claims complaint. In support, the court noted,

> Just as these allegations [in the original complaint] centered on a discrete set of incidents involving Mr. Jones and Ms. Vega, other averments in the Complaint centered on the individual plaintiffs' own experiences and impressions and did not exhibit an obvious connection with the general policies and practices at Deluxe.

*Id.* at 727. Even though the *McClelland* plaintiffs alleged similar harms caused by similar wrongs, that did not put the defendant on notice of a class action. Here, even though Melton and Hall allege similar harms caused by similar wrongs, that did not put Account Resolution on notice of a class action.

Finally, Hall tries to put the fault on Account Resolution. In its answer to the original complaint, Account resolution stated that it maintains "procedures reasonably adapted to avoid"

4

filing collection suits in the wrong court. [D. 7 at 7 ¶ 1]; *see* 15 U.S.C. § 1692k(c). Hall argues that this broad statement exceeds the facts of the complaint. Thus, she concludes, Account Resolution has opened itself up to all claims similar to Melton's.

This argument confuses the purposes of the complaint and the answer. The complaint notifies the defendant of what the plaintiff's claim is and the basis for it. *Twombly*, 550 U.S. at 555. And if the complaint includes class allegations, the complaint also notifies the defendant of the number and identities of the class members. *American Pipe & Constr. Co.*, 414 U.S. at 555. The complaint—and the complaint alone—defines the scope of the action. This notion permeates federal litigation. *See, e.g.*, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (discussing the well-pleaded-complaint rule). Account Resolution may have asserted a categorical defense against an individual claim. But that did not place it on notice of other individual claims.

For these reasons, Hall's suit is barred by the statute of limitations. Account Resolution's motion is **GRANTED**. Hall's claims are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**